UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT SIMMONS,
          Plaintiff

      v.                             Civil Action 07-00779 (HHK)

GEORGE W. BUSH, JR., et al.,
          Defendants

MOTION TO DISMISS ON BEHALF OF THE STATE OF
LOUISIANA, GOVERNOR KATHLEEN B. BLANCO, THE LOUISIANA
PARDON BOARD, THE LOUISIANA SUPREME COURT and
THE LOUISIANA 12TH JUDICIAL DISTRICT COURT

NOW INTO COURT, through undersigned counsel, come defendants, the State

of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana

Supreme Court and the 12th Judicial District Court of the State of Louisiana, appearing

solely for the purpose of this motion to dismiss the claims against them, based on the

following provisions of Federal Rule of Civil Procedure 12:

1.

Service of process was legally insufficient and invalid as to the defendants, as

demonstrated by the summons and return of service attached to this motion as Exhibit

"A", and therefore the claims against them should be dismissed pursuant to FRCP 12 (b)

(5).

2.

This Court lacks subject matter jurisdiction over the claims herein based on the *Rooker-Feldman* doctrine.

3.

The plaintiff's claims are barred by the application of Eleventh Amendment immunity.

4.

This Court lacks personal jurisdiction over any named defendants in their individual capacities and therefore the claims against them should be dismissed pursuant to FRCP 12 (b) (2).

5.

The claims against any individual Louisiana state court judges or Louisiana Supreme Court justices are barred by judicial immunity.

6.

The 12th Judicial District Court of the State of Louisiana is not an entity with procedural capacity to sue or be sued and therefore no judgment can be validly rendered against it.

7.

The plaintiff's Complaint fails to state a claim upon which relief can be granted against any defendants sued in their official capacities, because they are not "persons" for the purposes of 42 U.S.C. 1983 liability, and therefore the claims against these defendants should be dismissed pursuant to FRCP 12 (b) (6).

8.

To the extent plaintiff seeks punitive damages against any defendants in their official capacities, such damages are barred for the purposes of 42 U.S.C. 1983.

9.

To the extent plaintiff's allegations may be interpreted to assert a claim against any defendants in their individual capacities, they are entitled to qualified immunity for the purposes of 42 U.S.C. 1983 liability. Therefore, the complaint fails to state a claim for which relief can be granted, and should be dismissed pursuant to FRCP 12 (b) (6).

10.

All claims against Louisiana defendants are time-barred.

**WHEREFORE**, for the foregoing good cause shown, and as more fully discussed in the Memorandum in Support this Motion to Dismiss filed concurrently herewith, defendants the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana pray that their motion be granted, and that the claims against them be dismissed pursuant to FRCP 12.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**
**STATE OF LOUISIANA**

**BY:_____/s   Patricia H. Wilton_____**
**PATRICIA H. WILTON (La. Bar No. 18049)**
**DAVID G. SANDERS (La. Bar No. 11696)**
**ASSISTANT ATTORNEYS GENERAL**

**Louisiana Department of Justice**
**1885 North 3rd Street**
**Baton Rouge, Louisiana 70804-9005**
**Telephone:    225-326-6300**
**Facsimile:     225-326-6490**

*Counsel for the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion To Dismiss has been filed using the Court's CM/ECF system, and notice of filing has been served parties in accordance therewith, and that a copy of the Notice of Filing and the Motion to Dismiss has been on all *pro se* parties by mailing same via United States First Class mail, postage prepaid.

Baton Rouge, Louisiana, this 13th day of July, 2007.

Vincent Simmons
DOC#85188
Camp C-Jaguar 1-R-11
Louisiana State Prison
Angola, LA 70712


_____/s____Patricia H. Wilton_____
**PATRICIA H. WILTON**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT SIMMONS,
                Plaintiff

      v.                                         Civil Action 07-00779 (HHK)

GEORGE W. BUSH, JR., et al.,
                Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF THE STATE OF LOUISIANA, GOVERNOR KATHLEEN B. BLANCO, THE LOUISIANA PARDON BOARD, THE LOUISIANA SUPREME COURT and THE LOUISIANA 12TH JUDICIAL DISTRICT COURT

**MAY IT PLEASE THE COURT:**

The State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana, through undersigned counsel, submit this memorandum of points and authorities in support of their motion to dismiss plaintiffs' Complaint on various grounds enumerated in FRCP 12. For the reasons more fully discussed herein, defendants show that the instant claims should be dismissed in their entirety as to these defendants.

## INTRODUCTION AND BACKGROUND FACTS

Plaintiff is an inmate at the Louisiana State Penitentiary at Angola, Louisiana. He has sued, *inter alia*, the State of Louisiana, the Louisiana Pardon Board[1], the Louisiana

---

[1] Plaintiff's recitation of "Parties" in his Complaint includes the Louisiana Pardon Board as an "administrative agency" and also purports to name as defendants the Board's "current and active

Supreme Court[2], the 12th Judicial District Court of the State of Louisiana[3] and Governor
Kathleen B. Blanco in her official capacity.  Plaintiff alleges federal question jurisdiction.
He seeks monetary, declaratory and injunctive relief for alleged actions relating to his
1977 conviction for attempted aggravated rape. (Plaintiff's Complaint, "Statement of the
Case")  Plaintiff unsuccessfully appealed his conviction, and thereafter filed various state
and federal pleadings seeking post conviction relief, all of which were denied.
(Complaint, "Statement of the Case") Plaintiff has been warned against for filing
repetitious and frivolous pleadings  and threatened with sanctions and is essentially
precluded from filing further actions in federal court in Louisiana without Court
permission (Complaint, "Statement of the Case"), which presumably explains why
Plaintiff has now chosen to attempt to bring his claims before this Court.

## LAW AND ARGUMENT

### I.    SERVICE OF PROCESS WAS DEFECTIVE

The record (Doc. 7) reflects that service of process on all defendants was
purportedly made via certified mail, which is insufficient under both Louisiana and
federal law.

Federal Rule of Civil Procedure 4 governs service of complaints.  Subpart 4 (j) (2)
dictates the requirements for service on state entities.  That rule requires personal service

---

members…in their official and individual capacity." Plaintiff's failure to identify specific actors renders the
attempt to sue individual members invalid and legally insufficient to state a cause of action.

[2] Plaintiff purports to sue the Louisiana Supreme Court as a "judicial agency" and its "current and past
members…in their official capacity."  (Plaintiff's Complaint, "Parties")  Plaintiff's failure to identify
specific actors renders the attempt to sue individual members invalid and legally insufficient to state a
cause of action.
[3] The Complaint asserts claims against the 12th Judicial District Court as a "judicial agency" and "its
current members…in their official capacity." (Plaintiff's Complaint, "Parties") Plaintiff's failure to identify
specific actors renders the attempt to sue individual members invalid and legally insufficient to state a
cause of action.

on the state.   Service by certified mail is not valid.  Jurisprudence holds that "delivering a copy" means personal service, not certified mail.     *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, C.A.5 (Tex.) (2004).  See also, *Peters v. United States*, 9 F.3d 344, 345 (5th Cir.1993).     Therefore, the purported service via certified mail on the State of Louisiana, the Louisiana Pardon Board, the Louisiana Supreme Court, the 12th Judicial District Court of Louisiana and Governor Kathleen Blanco is defective and invalid, and plaintiff's claims against these defendants should be dismissed pursuant to FRCP 12 (b) (5).

To the extent plaintiff's Complaint attempts to join as defendants any individual members of the Louisiana Supreme  Court, the Louisiana Pardon Board or the Louisiana 12th Judicial District Court, Subparagraph  4(e) provides that service upon individuals within a judicial district of the United States may be made pursuant to the laws of the state in which the district court is located or of the state in which service is effected, by personal service on the defendant, by leaving copies of the summons and complaint at the defendant's "dwelling house or usual place of abode" or by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process."[4]  Although plaintiff's Complaint does not validly state a cause of action against any individual, and no judgment could be rendered against any party not specifically and individually named, nonetheless it is likewise clear that to the extent Plaintiff imagines that he has adequately joined individual members of any state agency or juridical body herein, he clearly has not effected proper service on any of them, and therefore his claims against them would be required to be dismissed under FRCP 4(e).

---

[4] FRCP 4 (e) (1)-(2).

Service by mail is equally defective under Louisiana law. The pertinent provisions of Louisiana law regarding service of process are found in the Louisiana Code of Civil Procedure, Articles 1231 through 1235.

La C.C.P. Art. 1231 provides that service of process may be either personal or domiciliary. La. C.C.P. Art. 1232 and Art. 1233 establish that *personal service* is accomplished by tendering the citation directly to the person being served at any place where he may be lawfully found. La. C.C.P. Art. 1234 describes the requirements of valid domiciliary service as follows:

> "**Art. 1234.  Domiciliary Service**
>
> Domiciliary service is made when a proper officer leaves the citation or other process *at the dwelling house or usual place of abode* of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."[5]

Finally, La. C.C.P. Art. 1235 provides for service on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative. Thus, the attempted service of process via certified mail as to any defendant herein was insufficient under Louisiana law.

## II.    THE 12TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA DOES NOT HAVE PROCEDURAL CAPACITY TO BE SUED

Pursuant to the Louisiana Civil Code, the Supreme Court of Louisiana, and the Louisiana Revised Statutes, the 12TH Judicial District Court lacks the procedural capacity to sue or be sued.

---

[5] La. C.C.P. Art. 1234 (emphasis added).

A court may dismiss a party to a suit who is not a legal entity. *Ramsey v. Signal Delivery Services, Inc.*, 631 F.2d 1210, 1212 (5th Cir. 1980); *Burge v. Parish of St. Tammany*, 97-30241 (La.App. 5th Cir. 8/25/99); 187 F.3d 452.

The Louisiana Civil Code states that there are two kinds of persons: natural and juridical. A natural person is a human being; a juridical person is an entity to which the law attributes personality. La. Civ. Code art. 24. Quite obviously, the 12th Judicial District Court is not a human being. Thus in order to have procedural capacity, it would have to legally constitute a juridical person. Generally, a juridical person's legal capacity is "governed by provisions in its character, governing legislation, and customs." *Id.* Revision Comment (d).

In order to determine whether a governmental entity is a juridical person, therefore being capable of being sued, the Supreme Court of Louisiana stated that:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate governmental unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other governmental entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 *Sands & Libonati*, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do. 1 *Sand & Libonati* § 2.02.
>
> *Roberts v. Sewerage and Water Board of New Orleans*, 92-2048, p. 10 (La. 3/21/04); 634 So.2d 341, 346-47.

Therefore, under La. Civ. Code art. 24, 24 (d), and the *Roberts* decision, the most crucial determining question is whether legal capacity is granted by Louisiana law to the

12th Judicial District Court to sue or be sued.  Absent this authority from Louisiana law, the 12th Judicial District Court lacks the proper legal procedural capacity.

District courts are created by the Louisiana Constitution in Article 5 §§ 14-17. These articles do not declare the district courts to be independent juridical persons, nor give them the proper legal capacity to sue or be sued.  Therefore, under the Louisiana Constitution, the 12th Judicial District Court may not be sued in the case at bar.

Inmates frequently name judicial district courts as defendants, but the real party at interest is a particular judge.  See, for example, *St. Amant v. 19th Judicial District Court*, 94-0567 (La. 9/3/96), 678 So.2d 536; *Marler v. 22nd Judicial District Court*, 93-2394 (La.App. 1st Cir. (1/10/94), 645 So.2d 821; *State ex rel Leblanc v. 19th Judicial District Court*, 606 So.2d 527 (La. 1992).

Therefore, according to Louisiana law cited above, the Louisiana 12th Judicial District Court is not an independent juridical person and does not have the necessary legal capacity to sue or be sued.

## III.    THE PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The plaintiff's Complaint makes state law claims against the defendant state entities and state actors in their official capacities. Such allegations are barred by the Eleventh Amendment and should, therefore, be dismissed for lack of subject matter jurisdiction.

### A.    The Law on Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits brought against it in federal court by her own

citizens.[6]  The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought.[7]  This immunity applies irrespective of the relief sought and irrespective of whether jurisdiction is asserted under the court's original or pendent jurisdiction.[8]  Accordingly, unless the Eleventh Amendment has been abrogated or waived, it applies to all of plaintiff's claims for recovery against defendants in their official capacities under state law.

Congress may abrogate a state's Eleventh Amendment immunity when it acts "pursuant to a valid exercise of power."[9]  Congress has the power to abrogate a state's Eleventh Amendment immunity when enforcing the Fourteenth Amendment.[10]  In order to abrogate a State's Eleventh Amendment immunity, Congress must unequivocally express its intent to abrogate the immunity.[11]  Congress has not done so as to claims brought under 42 U.S.C. 1983.[12]

Thus, absent its consent, a state is entitled to Eleventh Amendment immunity from suit in federal court brought under § 1983.  Louisiana has expressly refused to waive its Eleventh Amendment immunity from suit in federal court.[13]

**B.    This case is controlled by the Supreme Court's decision in *Pennhurst***

This case is controlled by the Supreme Court's decision in *Pennhurst State School and Hospital v. Halderman.*[14]  In *Pennhurst,* the Supreme Court reviewed a lower court injunction against Pennsylvania state officials that was based solely upon Pennsylvania

---

[6] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996).
[7] *Seminole*, 116 S.Ct. at 1124; *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325 (1982)
[8] *Oneida County, N.Y. et al. v. Oneida Indian, etc., et al.,* 470 U.S. 226, 105 S.Ct. 1245, 1260 (1985); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 917-19 (1984).
[9] *Seminole*, 116 S.Ct. at 1123.
[10] *Seminole*, 116 S.Ct. at 1125; *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976).
[11] *Seminole,* 116 S.Ct. at 1123
[12] *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 1147 (1979).
[13] La. R.S. 13:5106; *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147 (5 Cir. 1991).
[14] *Pennhurst, supra*.

11

state law.  The Supreme Court reversed, finding that the state law based injunction was barred by the state officials' assertion of Eleventh Amendment immunity.

The Supreme Court rejected, as inapplicable in a suit against state officials based upon state law, the distinction between prospective (*i.e.* injunctive) and retroactive (*i.e.* monetary) relief set forth in cases such as *Ex parte Young*[15] and *Edelman v. Jordan*[16] stating:

> This need to reconcile competing interests is wholly absent, however, when a plaintiff alleges that a state official has violated *state* law. In such a case, the entire basis for the doctrine of *Young* and *Edelman* disappears.  A federal court's grant of relief against state officials on the basis of state law, *whether prospective or retroactive*, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.[17]

The Supreme Court then held:

"We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."  See *supra* at 908.  "We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction."[18]

Accordingly, the Supreme Court found that the defendant state officials were entitled to Eleventh Amendment immunity from the state law based injunction.

---

[15] 209 U.S. 123, 28 S.Ct. 441 (1908).
[16] 415 U.S. 651, 94 S.Ct. 1347 (1974).
[17] *Pennhurst*, 104 S.Ct. at 911 (emphasis supplied).
[18] *Pennhurst*, 104 S.Ct. at 919.  The codification of the jurisprudential rules of pendent jurisdiction in 28 U.S.C. 1367 does not change this holding.

12

Applying *Pennhurst* to the case at hand, it is clear that the defendant State, state juridical bodies and state employees, to the extent sued in either their official or individual capacity, are entitled to Eleventh Amendment immunity from Plaintiff's state law damage claims.

## IV.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS SUIT UNDER THE *ROOKER-FELDMAN* DOCTRINE

This Court lacks subject matter jurisdiction over this suit under the *Rooker*[19]-*Feldman*[20] doctrine because it is a collateral attack on the state court judgment(s) relating to plaintiff's criminal conviction.

### A.    Standard of Review

The burden of establishing the subject matter jurisdiction of this Court lies upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Insurance Company of America*, 114 S. Ct. 1673, 1675 (1994).

### B.    The *Rooker-Feldman* doctrine

Federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.   *United States v. Shepher*, 23 F.3d 923,924 (5th Cir. 1994); *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), cert. denied, 115 S. Ct. 271 (1994), reh'g denied, 115 S. Ct. 626.

Constitutional questions arising in state proceedings are to be resolved by the state courts.  If a state trial court errs, the judgment is not void.  Rather, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme

---

[19] *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149, 150 (1923).

[20] *District of Columbia Court of Appeals v. Feldman*, 103  S. Ct. 1303, 1314-15 (1983).

Court.   The casting of a complaint in the form of a civil rights action cannot circumvent this rule. *Id.*

A federal complaint cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. *Shepherd*, 23 F.3d at 924.  A federal court lacks jurisdiction over claims that could have been raised in the state court proceeding but were not.  *Musslewhite v. State Bar of Texas*, 32 F. 3d 942, 046, n. 15 (5th Cir. 1994), cert. denied, 115 S. Ct. 2248 (1995). When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.  *Pennzoil Co. v. Texaco, Inc.*, 107 S. Ct. 1519, 1528 (1987).

If the district court is confronted with issues that are "inextricably intertwined" with a state court judgment, the court is "in essence being called upon to review the state-court decision."  *Shepherd*, 23 F. 3d at 924, citing *Feldman*, 103 S. Ct. at 1315, n. 16.  A general constitutional attack that is "inextricably intertwined" with a state court judgment cannot properly be heard in federal court.  *Musslewhite*, 32 F. 3d at 946.

### C.    Underlying state court action

In this case, plaintiff was convicted of attempted aggravated rape.  His cause of action is based solely on his state court criminal conviction and the subsequent rulings of other state and federal courts on his post-conviction pleadings.  All of plaintiff's previous filings have been unsuccessful.  Having no other recourse in the courts of Louisiana, state or federal, plaintiff filed this suit in the District of Columbia to collaterally attack the rulings of, *inter alia*, the Louisiana state courts.  Under the *Rooker-Feldman* doctrine, he

may not raise these complaints in any federal district court.  He has exhausted his state appellate remedies.  To the extent that there are any federal issues, federal relief is limited to seeking review in the Supreme Court of the United States.  *Liedtke v. State Bar of Texas*, 18 F. 3d at 317.

Accordingly, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over plaintiff's complaint against the defendants herein and it should be dismissed pursuant to FRCP 12 (b) (1).

## V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY INDIVIDUAL DEFENDANTS

To state a claim under 42 U.S.C. 1983, plaintiff must show that the defendant was "personally and directly involved" in the alleged wrongful acts.  *Atherton v. District of Columbia Office of the Mayor,* 04-0680, 2007 WL 1041659 (D.D.C. 4/5/2007), citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  A plaintiff may not recovery under theories of r*espondeat superior* or vicarious liability, *Graham v. Davis,* 880 F. 2d 1414, 1421 (D.C. Cir. 1989) (citations omitted).  Therefore, a plaintiff must allege facts (1) reflecting each defendant's participation in the alleged wrong, (2) specifying the personal involvement of each defendant and (3) alleging a cognizable constitutional violation to avoid dismissal for failure to state a claim.  *Jacques v. Procunier*, 801 F. 2d 789, 793 (5th Cir. 1986), *Mills v. Criminal District Court*, 837 F. 2d 677, 678 (5th Cir. 1988).

There must be a direct causal link between the alleged constitutional deprivations and the official conduct by the defendant causing the deprivations.  In alleging the requisite causal connection, the plaintiff cannot merely rely on conclusory allegations.

*Atherton, supra; Kowal v. MCI Communications Corp.,* 16 F. 3d. 1271, 1276 (D.C. Cir. 1994); *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir.  1995).

In this case, plaintiff's complaint does not even bother to name any individual "state actor" defendant other than Governor Blanco, who is sued in her official capacity only.  The complaint is devoid of specific factual allegations against any individual defendant, and thus fails to state a claim upon which relief can be granted.

## VI.    THIS COURT LACKS PERSONAL JURISDICTION OVER ANY INDIVIDUAL DEFENDANTS

Plaintiff fails to adequately identify any purported named defendant herein other than Governor Blanco, and plaintiff has not validly served any defendant whatsoever. Plaintiff has also failed to allege any basis for the exercise of personal jurisdiction over any party in the District of Columbia, as all acts or omissions complained of occurred in the State of Louisiana, and neither the plaintiff nor any of the defendants have any relationship to the District of Columbia which would support the exercise of personal jurisdiction in this matter.

The Court's right to exercise personal jurisdiction, as dictated by the U.S. Supreme Court, "…is limited by the principle that it is 'essential that there be some act by which [they] purposefully avail[ed] [themselves] of the privilege of conducting activities within [the District of Columbia], thus invoking the benefits and protections of its laws.'"[21]  The plaintiff's Complaint fails to establish that any defendant herein had any contact with the District of Columbia sufficient to satisfy the requirement of "purposeful availment" conduct required for the exercise of personal jurisdiction.[22]  Furthermore,

---

[21] *Hanson v. Denckla*, 357  U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 1283 (1958).

[22] *Marsh v. Kitchen*, 480 F. 2d 1270 (2d Cir. 6/18/73).  There is no allegation that the moving defendants acted through agents to commit tortuous acts in Illinois, so the holding of *Marsh* provides guidance in this

despite plaintiff's defective attempt to join any state officials in their individual capacities, plaintiff's Complaint shows clearly that all parties involved acted only in their official capacities with respect to the plaintiff, and therefore the exercise of personal jurisdiction over them as individuals would be improper.[23]

## VII.    CLAIMS AGAINST ANY INIDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE NOT ACTIONABLE UNDER 42 U.S.C. 1983, AS THEY ARE NOT "PERSONS" FOR §1983 PURPOSES

Plaintiff's complaint purports to sue various individuals, identified only as "current or former members" of various state entities, in their individual and official capacities.  The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court; a suit against a state official in his official capacity is treated as a suit against the state.[24]  Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983.[25]  Thus, it is clear that the plaintiff fails to state a claim under §1983 against any individual defendants in their official capacities.

## VIII.    PUNITIVE DAMAGES ARE NOT RECOVERABLE UNDER 42 U.S.C. 1983 AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITIES

To the extent Plaintiff seeks punitive damages from any defendants in their official capacities, he fails to state a claim for which relief may be granted under 42 U.S.C. 1983.[26]

---

matter, notwithstanding later jurisprudence calling into question the *Marsh* conclusions regarding agency liability.
[23] See *Ali v. District of Columbia*, 278 F. 3d 1, 349 U.S.  App. D.C. 327 (D.C. Cir. 1/29/02); *Kaufman v. U.S*., 840  F. Supp. 641 (USDC E.D. Wis 12/22/93); *Islamic American Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34 (USDC D.C. 9/15/05); *Ibrahim v. District of Columbia,* 357  F Supp. 2d 187 (usdc D.C. 8/17/04).
[24] *Hafer v. Melo, et al.,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).
[25] *Will v. Michigan Department of State Police***,** 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
[26] See 42 U.S.C. 1981a(b)(1).

## IX.    ALL JUDICIAL DEFENDANTS ARE ENTITLED TO JUDICIAL IMMUNITY

Plaintiff purportedly asserts a claim against members of the Louisiana Supreme Court and 12th Judicial District Court.  Although his Complaint, which does not identify any specific individual against whom a judgment could be rendered, or state any specific factual allegations against any individual actor which could form the basis for any such judgment[27], nonetheless the law is clear that any judicial defendants are entitled to absolute judicial immunity for purposes of 42 U.S.C. 1983 claims.

### A.    The Law on Absolute Immunity[28]

The United States Supreme Court has acknowledged the importance in protecting judges from "vexatious actions prosecuted by disgruntled litigants."[29]  A judge acting in his capacity enjoys absolute immunity when dealing with the Plaintiff, unless the judge acts in complete absence of all subject matter jurisdiction over the matter forming the basis for such liability.[30]  One cannot hold a judge liable in damages for judicial acts, even those done maliciously or corruptly, unless the judge acts in the clear absence of all jurisdiction or acts in a non-judicial role.[31]

In determining whether a judge's actions were "judicial in nature," the court considers four factors:

---

[27] In order to impose personal liability on a defendant under Section 1983, the plaintiff must show that the defendant's actions somehow caused deprivation of the plaintiff's constitutional rights.  See generally, *Alton v. Texas A&M*, 168 F.3d 196, 200 (5th Cir. 1999).

[28] The jurisprudence of the Court of Appeals for the District of Columbia Circuit is in agreement with that of the 5th Circuit Court of Appeals cited herein.  See *Atherton, supra*, at p. *5.

[29] *Forrester v. White*, 108 S.Ct. 538, 540 (1988).

[30] *Mireless v. Waco*, 112 S.Ct. 286, 288 (1991); *Stump v. Sparkman*, 98 S.Ct. 1099, 1105 (1978).

[31] *Mireless*, 112 S.Ct. at 288; *Eitel v. Holland*, 787 F.2d 995, 998 (5 Cir. 1989); *John v. Kegans*, 870 F.2d 992, 995 (5 Cir. 1989).

1.    whether the precise act complained of is a normal judicial function;

2.    whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;

3.    whether the controversy centered around a case pending before the court; and

4.    whether the acts arose directly out of a visit to the judge in the judge's official capacity.[32]

Courts should construe the factors broadly and in favor of immunity, and "immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take proper action might expose the judge to personal liability."[33]  In some cases, immunity is to be afforded even though one or more of the *McAlester* factors are not present.[34]

To preclude immunity, a judge must act in absence of *all* jurisdiction; therefore, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for judicial immunity purposes.[35]  The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine.[36]

### B.    Absolute Immunity Discussion

Plaintiff's Complaint does not state any specific acts or omissions on the part of any single individual, but in any case, his Complaint makes clear that all such acts would have been judicial in nature and performed in the course of official duties.  Thus, even if validly named and served, any judicial defendant would be entitled to absolute judicial immunity.

---

[32] *Malina v. Gonzales*, 994 F.2d 1121 (5 Cir. 1993); *reh'g denied.*, 1 F.3d 304, *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5 Cir. 1972).
[33] *Malina*, 994 F.2d at 1124.
[34] *Id.*
[35] *Id.* at 1125.
[36] *McCoy v. City of Monroe*, 32,521, p. 7 (La. App. 2 Cir. 12/8/99); 747 So. 2d 1234, 1241.

## X.    ANY INIDIVUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES

To the extent Plaintiff's Complaint can be read as validly naming any individual defendants in their individual capacities, which is denied, particularly members of the Louisiana Pardon Board, any such defendants are entitled to qualified immunity for purposes of 42 U.S.C. 1983 claims.

### A.    The law on qualified immunity

Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[37]  The protection afforded by the defense is an "immunity from suit, not simply immunity from liability.  Consequently, the immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability.[38]

Qualified immunity allows officials the freedom to exercise fair judgment, protecting "all but the plainly incompetent or those who knowingly violate the law."[39]  A defendant is immune if reasonable public officials could differ on the lawfulness of the actions.[40]  Officials are not expected to determine the manner in which the law's gray areas might be clarified or defined.[41]

The bifurcated test for qualified immunity is quite familiar:  (1) whether the plaintiff has alleged a violation of a clearly established constitutional right;  and, (2) if so,

---

[37] *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982)
[38] See *Hunter v. Bryant*, 112 S.Ct. 534, 536 (1991).
[39] *Malley v. Briggs*, 106 S.Ct. 1092, 1096 (1986).
[40] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995).
[41] *Davis v. Scherer*, 104 S.Ct. 3012, 3019-20 (1984).

whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident.[42]

**First prong**:   The first step is to determine whether the plaintiff has alleged a "violation of a clearly established constitutional right"[43].   This is a "purely legal question" to be determined by the Court.[44]   The court uses "currently applicable constitutional standards to make this assessment."[45]   The plaintiff bears the burden of pleading such a violation of clearly established law.[46]

**Second prong**:   The second prong of the qualified immunity test is better understood as two separate inquiries:  whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law.[47]   The court must determine whether an alleged right was established with sufficient particularity that a reasonable official could anticipate his actions would violate that right.[48]   Objective reasonableness is a question of law for the court.[49]   The reasonableness of the conduct must be assessed in light of the law as it existed at the time of the conduct in question.[50]

**When is a right "clearly established"?**:   While it is not necessary that the very action in question has previously been held unlawful, the facts of the previous case need

---

[42] *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998); *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994).
[43] *Hare*, 135 F.3d at 325-26; *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996).
[44] *Siegert v. Gilley*, 111 S.Ct. 1789, 1793 (1991).
[45] *Hare*, 135 F.3d at 326
[46] See  *Mitchell v. Forsyth*, 105 S.Ct. 2806, 2815 (1985); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).
[47] *Hare*, 135 F.3d at 326.  See also *Woods*, 60 F.3d at 1164.
[48] *Anderson v. Creighton*, 107 S.Ct. 3034, 3039 (1987); *Davis v. Scherer*, 104 S.Ct. at 3019-20.
[49] *Hare*, 135 F.3d at 328.
[50] *Harper*, 21 F.3d at 601.

to be materially similar in order for the defendant to be denied qualified immunity.[51] For qualified immunity to be surrendered:

> pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.[52]

The plaintiff herein disputes the actions of various state actors relative to his conviction and post conviction pleadings. The Louisiana Supreme Court and the judges of the Louisiana 12th Judicial District Court are immune from suit based on judicial immunity, discussed in greater detail below. The plaintiff has made no allegations to show that any members of the Louisiana Pardon Board were not acting pursuant to law.

Moreover, there is no specific factual allegation to indicate that the actions of any defendants were not, at all times, objectively reasonable. Thus, the plaintiff's Complaint fails to allege sufficient facts that would support a claim that any defendants violated a clearly established constitutional right. Further, under the "objectively reasonable" approach mandated by *Hare*, even if a constitutional right were implicated here, plaintiff's Complaint does not show that any such actions were not objectively reasonable. Therefore, any purportedly named individual defendants herein are entitled to qualified immunity, and plaintiff fails to state a claim against them in their individual capacities for which relief may be granted under 42 U.S.C. 1983.

## XI.    PLAINTIFF'S CLAIMS ARE TIME-BARRED

A statute of limitations may support dismissal where there is evidence from plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for

---

[51] *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997).
[52] *Sorenson v. Ferrie*, 134 F.3d 325, 330 (5th Cir. 1998), citing, *Pierce*, 117 F.3d at 882.

tolling.  *James v. Alcoa, Inc.,* 339 F. 3d 359, 366 (5th Cir. 2003).   In Louisiana, the applicable prescriptive period for Sec. 1983 claims is one year.  *Hawkins v. McHugh*, 46 F. 3d 10, 12 (5th Cir. 1995).   Plaintiff's Complaint relates to his 1977 attempted rape conviction.  The last act alleged by a Louisiana actor appears to have been the denial of a request for rehearing by the Louisiana Supreme Court on January 27, 2006.  The instant Complaint in this Court was filed on April 20, 2007.  Accordingly, all claims against the State of Louisiana, the state judiciary, the Louisiana Pardon Board and any individual state actors is time-barred on its face.

## IX.    VENUE IS IMPROPER IN THIS COURT

Plaintiff claims violations of his constitutionally protected civil rights as a result of alleged wrongful acts or omissions by defendants.  Plaintiff invokes the jurisdiction of this Court based on a cause of action arising under federal question; thus, proper venue is governed by 28 U.S.C.A. 1391 (b), which provides that such action may be brought only where any or all defendants reside[53], or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property at issue is situated.  It is self-evident from the plaintiff's Complaint that venue is not proper as to the moving defendants herein in the District of Columbia.    The named defendants are the State of Louisiana, its judiciary, a state agency and certain state officials.  None of the purported individual defendants reside in the District of Columbia.   All alleged acts and/or omissions took place in Louisiana.  The only reason Plaintiff has filed his suit in the District of Columbia is that he has filed so many frivolous pleadings in Louisiana that he cannot file further pleadings without permission of the Court. There simply is no valid

---

[53] Plaintiff's naming of President Bush as a defendant is no doubt an attempt to manufacture venue where none legally exists, and the Court is entitled to disregard this frivolous assertion when determining this venue objection.

ground upon which to assert that venue in this matter is proper in the District of Columbia, and the plaintiff's Complaint pending in this Court should be dismissed.

## CONCLUSION

Defendants respectfully suggest that this Court lacks subject matter jurisdiction over the claims herein and lacks personal jurisdiction over any individual defendants. Venue is improper in this Court and no valid service of process has occurred.  All claims against Louisiana defendants are time-barred.  For any or all of these reasons, Plaintiff's claims should be dismissed, in their entirety, which prejudice at Plaintiff's cost, against the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**
**STATE OF LOUISIANA**


**BY:_____/s   Patricia H. Wilton_____**
**PATRICIA H. WILTON (La. Bar No. 18049)**
**DAVID G. SANDERS (La. Bar No. 11696)**
**ASSISTANT ATTORNEYS GENERAL**

**Louisiana Department of Justice**
**1885 North 3rd Street**
**Baton Rouge, Louisiana 70804-9005**
**Telephone:    225-326-6300**
**Facsimile:    225-326-6490**

*Counsel for the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Motion To Dismiss has been filed using the Court's CM/ECF system, and notice of filing has been served parties in accordance therewith, and that a copy of the Notice of Filing and the Motion to Dismiss has been on all *pro se* parties by mailing same via United States First Class mail, postage prepaid.

Baton Rouge, Louisiana, this 13th day of July, 2007.

Vincent Simmons
DOC#85188
Camp C-Jaguar 1-R-11
Louisiana State Prison
Angola, LA 70712

_____/s____Patricia H. Wilton_____
**PATRICIA H. WILTON**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**VINCENT SIMMONS,**
               **Plaintiff**

       **v.**                                        **Civil Action 07-00779 (HHK)**

**GEORGE W. BUSH, JR., et al.,**
               **Defendants**

## <u>ORDER</u>

**CONSIDERING** the Motion to Dismiss on Behalf of the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the Louisiana 12th Judicial District Court, and finding good cause for same;

IT IS ORDERED, ADJUDGED AND DECREED that the Defendants' Motion be and is hereby **GRANTED**, and Plaintiff's Claims against the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court and the 12th Judicial District Court of the State of Louisiana are hereby **DISMISSED**, in their entirety, with prejudice, at Plaintiff's cost.

Signed at _____, this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

PARTIES TO RECEIVE NOTICE

Vincent Simmons
DOC#85188
Camp C-Jaguar 1-R-11
Louisiana State Prison
Angola, LA 70712

Patricia H. Wilton
David G. Sanders
Assistant Attorneys General
Louisiana Department of Justice
1885 North 3rd Street
Baton Rouge, Louisiana 70804-9005