UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VINCENT SIMMONS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| -v- | ) | Civil Action No. 07-00779 HHK |
|  | ) |  |
| GEORGE W. BUSH, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## FEDERAL DEFENDANTS' MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM OF LAW

Vincent Simmons, a Louisiana state prisoner who is proceeding pro se, has filed this action against President Bush, certain federal courts, Governor Blanco of Louisiana, and certain Louisiana state courts.  The principal relief that he seeks is a declaration by this Court that his conviction in a Louisiana state court in 1977 for attempted aggravated rape is invalid and that his sentence is illegal.  He also seeks, in an apparent addendum to the complaint, $100,000,000 in compensatory damages. Pages 1 and 2 of the complaint state that he is suing the federal defendants in their official capacities, but there is also a statement at the end of page 2 that all the defendants are being sued in their individual capacities for damages.  The lengthy complaint sets forth all of the post-conviction relief that plaintiff has sought, unsuccessfully, through the Louisiana courts and the federal courts.

The federal defendants move to dismiss this action under Fed. R. Civ. P, 12(b)(1) and (b)(6).  President Bush is entitled

to absolute immunity for any action taken in the course of his official duties. <u>Clinton v. Jones</u>, 520 U.S. 681 (1997). Additionally, the complaint utterly fails to set forth any fact from which one could conclude that President Bush had any involvement whatsoever in the events leading to this action; the complaint concedes that President Bush is being sued because he is responsible for the actions of the judges "in the herein named federal courts," a proposition for which there is no legal authority.

The complaint makes clear that, as to the federal defendants, it arises from the fact that a federal district court in Louisiana and the Fifth Circuit denied plaintiff's motions seeking post-trial relief. The law is well established that judges enjoy absolute immunity from civil claims when the complaint challenges actions taken as part of their official duties. <u>See</u>, <u>e.g.</u>, <u>Butz v. Economou</u>, 438 U.S. 478 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." <u>Mireles v. Waco</u>, 502 U.S. 9, 10 (1991), quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 347 (1872).

As a final point, it should be noted that our Court of Appeals has held that a state prisoner's claim for money damages arising out of his conviction or confinement must first be

brought in habeas when, "if successful, it would 'necessarily imply,' or automatically result in a speedier release from prison." Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir. 1998), accord, Wilkinson v. Dotson, ___ U.S. ___, 125 S. Ct. 1242, 1248 (2005) (habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"); cf. Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) (for federal prisoner "habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"). The Court of Appeals' decision in Anyanwutaku followed Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the Supreme Court ruled that a state prisoner's Section 1983 damages action had to be brought in habeas because, "[a]lthough [the prisoner] requested neither release from prison nor injunctive relief, [his claim] amounted to a collateral attack on his conviction, since in order to prevail he had to 'prove the unlawfulness of his conviction or confinement.'" Anyanwutaku, 151 F.3d at 1056 (quoting Heck, 512 U.S. at 486).

The rationale of Heck has been applied in a variety of contexts, including a federal prisoner's claim for damages under the Privacy Act. See White v. U.S. Probation Office, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998) (per curiam). Indeed, our Court of Appeals stated that

> A plaintiff who seeks to recover damages for allegedly unconstitutional confinement (or *any other harm caused by actions the unlawfulness of which would render his sentence invalid*) must prove that the sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Id. at 1126 (emphasis supplied) (quoting Heck, 512 U.S. at 486-87).

For the reasons set forth above, this case should be dismissed with the notation that it was a frivolous action that failed to state a claim for relief, thereby qualifying a "one strike" in the "three strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915.  Attached hereto is a draft order reflecting the requested relief.

          Respectfully submitted,

          JEFFREY A. TAYLOR, D.C. Bar #458610
          United States Attorney

          RUDOLPH CONTRERAS, DC Bar #434122
          Assistant United States Attorney
              /s/
          FRED E. HAYNES, DC Bar #165654
          Assistant United States Attorney
          555 4th Street, N.W., Room E-4110
          Washington, D.C. 20530
          202.514.7201

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

VINCENT SIMMONS,                  )
                                  )
            Plaintiff,            )
                                  )
-v-                               )  Civil Action No. 07-00779 HHK
                                  )
GEORGE W. BUSH, et al.,           )
                                  )
            Defendants.           )
_____)
```

## ORDER

UPON CONSIDERATION of the motion to dismiss filed by the federal defendants, and the record in this case, it is this _____ day of _____, 2007,

ORDERED that the motion is granted, and it is further

ORDERED that this case is dismissed as to President Bush and the federal courts named as defendants because this Court is without subject matter jurisdiction, the case fails to state a claim upon which relief can be granted, and the case is frivolous.  This is a final, appealable order.

                              UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for the federal defendants.

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2007, a copy of the foregoing motion to dismiss was served by first-class mail, postage prepaid, on:

>Mr. Vincent Simmons
># 85188
>Camp-C-Jaguar 1-R-11
>Louisiana State Prison
>Angola, LA 70712

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530