UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE W. BUSH, JR., et al.,<br><br>    Defendants. | Civil Action 07-00779  (HHK) |

**MEMORANDUM**

Vincent Simmons, a Louisiana state prisoner, brings this action against President Bush, certain federal courts, Governor Blanco of Louisiana, and certain Louisiana state courts and their officials.  Simmons seeks an order invalidating his 1977 conviction in a Louisiana state court for attempted aggravated rape and $100 million in compensatory damages.  Before the court are the motions to dismiss by the state defendants [#8] and the federal defendants [#11].  Upon consideration of the motions, the oppositions thereto, and the record in this case, the court concludes that the motions should be granted.

The complaint must be dismissed for the following reasons: (1) judges enjoy absolute immunity from civil claims when the complaint, as here, challenges actions taken as part of their official duties, *Butz v. Economou*, 438 U.S. 478, 511 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); (2) the president is entitled to absolute immunity for any action taken in the course of his official duties, *Clinton v. Jones*, 520 U.S. 681, 693 (1997); (3) neither a state nor its officials

acting in their official capacities are "persons" capable of suit under 42 U.S.C. § 1983 for money damages, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); (4) the complaint fails to state a claim against officials sued in their personal capacities under § 1983 who are entitled to qualified immunity because there are no allegations that the officials' conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); and (5) under the *Rooker-Feldman* abstention doctrine, this court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

Furthermore, the court notes that this suit is a frivolous action that fails to state a claim for relief, and thereby qualifies as "one strike" in the "three strikes" provision of the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

Henry H. Kennedy, Jr.
United States District Judge

Dated: August 13, 2007