United States District Court
for The District of Columbia

Date 8/14/07

Vincent Simmons,
    Plaintiff;

versus

George W. Bush, et al;
    Defendants,

Civil Action
No: 07-00779 HHK

RECEIVED
AUG 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff Supplemental Motion, in opposition To The federal and state defendants motion To Dismiss;

May it Please This Hon Court;

The defendants George W. Bush, et al, have requested dismissal of Plaintiff's law suit; predicated on absolute immunity.

cont
P.2

Plaintiff opposes said motion, on the grounds of a "constitutional obligation/duty, under the "Take Care Clause," as required by his "oath" of office. He must not be allowed to ignore nor escape his sworn obligation/duty to the American people and citizens! of these united states. See, Sec. 303 of IEEPA.

The Courts have concluded that the executive branch is not authorized to refuse to enforce statutes and that such a refusal may in practice amount to an impermissible act of lawmaking subject to judicial correction. See, e.g. <u>Adams v. Richardson</u>, 480 F.2d. 1159 (D.C. Cir. 1973); <u>Nader v Saxbe</u> 497 F.2d 676, 679 + N. 18 (D.C. Cir. 1974).

In this view, the "Take Care" clause argues in precisely the opposite direction: it imposes on the President a duty to enforce the laws and does not grant him discretion to enforce only those laws with which he agrees.

cont
p.3

(The) Constitution provides that the President "shall take care that the Laws be faithfully executed." An appropriations Act constitutes a law which the President must faithfully execute."

Plaintiff, invokes this Hon- courts Jurisdiction, to enforce fullfillment of said duty.

<u>In Wil-Wording v Swenson</u>, 404 U.S. 249, 92 S. ct. 407, 30 L.Ed. 2d 418 (1971); The court stated, "We held there that the Ku Klux Klan Act 1871, 42 U.S.C. sec. 1983; 28 U.S.C. sec. 1343 (3); confers Jurisdiction on the United States District Courts to entertain a state prisoners application for injunctive relief against allegedly unconstitutional conditions of confinement.

court
p.4

By enactment of The Ku Klux Klan Act in 1871 and again by the grant in 1875 of original federal question jurisdiction to the federal courts, congress recognized important interest in permitting a plaintiff to choose a federal forum in cases arizing under federal law.

In thus expanding federal judicial power, congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims.

Cont p5. | Plainly, escape from that duty is not permissible merely because state courts also have the solemn responsibility, equally with the federal courts, to guard, enforce, and protect every right granted or secured by the constitution of the United States -- Robb v. Connolly, 111 U.S. 624, 637 - (4 s.ct. 544, 28 L.Ed. 542.

This grant of jurisdiction was designed to preserve and enhance the expertise of federal courts in applying federal law, to achieve greater uniformity of results.

Court p. 6.

cf. Martin v. Hunter's Lessee, 1 Wheat, ~~[redacted]~~ 304, 347, 348, 4. L.Ed 97 (1816); And since federal courts are more likely to apply federal law sympathetically and understandingly than are state courts. ALI, Study of the Division of Jurisdiction between state and federal courts, 166 (1969); To minimize misapplication of federal law. See generally id., at 165-167, 4. L.Ed. 97.

In the service of the same interests, we have taken cases to emphasize that there are, "fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a federal District court to consider federal constitutional claims can be compelled, without his consent and through no fault of his own, to accept instead

Cont  
p.7.

a state courts determination of those claims. Such a result would be at war with the unqualified terms in which Congress, pursuant to constitutional authorizations, has conferred specificic categories of jurisdiction upon the federal courts, and with the principle that "when a federal court is properly appealed to in a case."

"The equal protection and due process clause, was intended to give Americans at least the protections against governmental power that they had enjoyed as Englishman against the power of the crown." <u>Ingraham V. Wright</u>, 430 U.S. At 672, 673, 97 s.ct. At 1413.

court
P-8

The Supreme court in David Sodo v. Cameron, 106 S.Ct. 668 (1986) stated, "In contrast, where the State renders a person vulnerable and strips him of his abilities to defend himself, an injury that result from a state official's negligence, in performing his duty is peculiarly related to the governmental functions. Negligence, or an intentional act, in such a case implicates the "(m)isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. See, Shelley v. Kraemer, 334 U.S. 1 (1948); Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed. 2d 492 (1961).

cont P.9.

The defendant contends that plaintiff should seek remedy via "HABEAS". It is obvious, from the lawsuit, that the defendants state and federal courts judges are conspiring to obstruct plaintiff access to the United States Supreme Court, by denying his request for (COA), and thereafter threatening him with sanctions. The court records will further reflect that plaintiff was told that nothing he filed in the federal court in an attempt to reach the S.Ct, would be acknowledge.

So, the defendants knows of the <u>Heck V. Humphrey</u> supra, benefits, to the plaintiff; and are obstructing his access to same. see, Chambers V. Baltimore + Ohio Railroad, 207 U.S 142, 28 S.Ct. 34 52 L. Ed 143 (1907)

Court
P. 10

Plaintiff contends that the defendants argument are frivolous! in regards to the allegations in the suit.

The defendants were all placed on "notice" on 9/9/06; when he filed a complaint in accord 18 U.S.C. sec. 1503, yet nothing was done to remedy the problem.

Plaintiff contend that the defendants, Governor K. Blanco, the court Judges, the President G. W. Bush, each are conspiring to discriminate, and deny to plaintiff the equal protections of the laws. when they used misapplication and maladministration of the law to cover up his innocence. That by doing so it leaves plaintiff with no protection from Judicial discrimination and favoritism.

Cont P 11

It leaves Plaintiff with no other available forum to redress his constitutional grievances. It is like being prohibited from entering court by Judges who refuses to hear my grievances, because of their hostility toward Plaintiff.

See, McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972); Ryland v. Shapiro, 708 F.2d 967 5th Cir. 1983). Also see, IN RE: Roger W. Jordan Jr. Supreme Court of Louisiana, 04-2397 (LA. 06/29/2005); 913 So. 2d 775; 2005 LA. Lexis 2104 No. 04-B-2397 - June 29, 2005, Decided. "Liberty" Deprivation! by conspiritorial Judges, Prosecutors, Police, etc, is one of the greatest injustice!! - Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 1485 75 L.Ed.2d 413 (1983)


Court P-13

— witness knowledge and state of mind at the time she/he testified. Sometimes collateral-estoppel principles will permit dismissal at the pretrial stage. But if the truth of the allegedly perjured statement was not necessarily decided in the previous criminal verdict, if there is newly discovered evidence of falsity or if the defendant concedes that the testimony was inaccurate, the central issue will be the defendant's state of mind. Summary judgment is usually not feasible under these circumstances. <u>Cowright Law of Federal Courts 493(3d. ed 1976)</u>.

If summary judgment is denied the case must proceed to trial and must traverse much of the same ground as the original criminal trial.

Court P. 14.

"We are not writing on a clean slate, and it is not for us to craft a new rule designed to enable trial judges to dismiss meritless claims before trial but to allow recovery in cases of demonstrated injustice, when an innocent plaintiff has already obtained post-conviction relief."
Briscoe v. LaHue, 103 S.Ct. 1108 (1983).

Plaintiff, conclude, that the interest of justice, requires this Hon. Court to take jurisdiction over said lawsuit and address plaintiff's constitutional, as the U.S. Constitution requires. That after care. analysis of the facts, records, and the law, the relief plaintiff prays for, be granted.

Respectfully submitted by:
s/ Vincent Simmons #85188
Vincent Simmons
#85188-Camp-C-Jag-1-R-11
La. State Prison,

court
P-15

Vincent Simmons
#8518-Camp-C-Jag-1-R-11
LA. State Prison
Angola, LA. 70712

"Certificate of service"

I Plaintiff hereby certify That on this 14 day of August 2007, a copy of the foregoing ~~supplemental~~ Motion in opposition to the federal defendants in conjunction with the conspiracy claims, in Plaintiff's law suit, not be dismissed for reasons stated herein.

That a copy was served by first class mail, postage prepaid, on Fred E. Haynes, DC Bar #165654. Assistant U.S. Attorneys; Rudolph Contreras, And Jeffrey A. Taylor 555 4th. St. N.W. Room E-4110 Washington, DC - 20530